IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXCIO

JOHNERSON ATSABI TSE,

      **Plaintiff,**

    vs.                                                                                             Civ. No. 22-987 GBW/JFR

WENONA BEGAY, RAMAH NAVAJO
SCHOOL BOARD, INC., and
UNITED STATES OF AMERICA,

      **Defendants.**

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court *sua sponte*. On August 16, 2023, the Court issued an Initial Scheduling Order setting a telephonic scheduling conference for **Thursday, October 5, 2023, at 10:30 a.m.** Doc. 20. At the appointed date and time, Attorneys Benjamin Garrett Minegar and Nicholas Sydow appeared on behalf of Defendant United States of America.[1] No one appeared on behalf of Plaintiff.

Under Federal Rule of Civil Procedure 16(f) the Court has discretionary authority to sanction a party for failing to appear at "a scheduling or other pretrial conference." FED. R. CIV. P. 16(f)(A). Among the available sanctions, this rule "provide[s] the court the discretionary option of awarding reasonable attorney's fees and costs resulting from the rule violation." *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1554 (10th Cir. 1996). "[T]here can be no doubt that subsection (f), added as part of the 1983 amendments to Rule 16, indicates the intent to give courts very broad discretion to use sanctions where necessary to insure. . .that [attorneys] fulfill

---

[1] On August 22, 2023, the parties filed a Stipulation to Dismiss Defendants Wenona Begay and Ramah Navajo School Board, Inc., having agreed that the United States is the only proper defendant in a suit under the FTCA. Doc. 21.

their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Id.* at 1555 (citation and quotation omitted).  Further, the Court may assess sanctions under its inherent power where an attorney willfully disobeys a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).

**IT IS THEREFORE ORDERED** that Plaintiff will show cause in writing within five (5) days of this Order as to why he failed to appear at the October 5, 2023, initial scheduling conference.  Failure to comply with this order shall constitute an independent basis for sanctions, including dismissal of Plaintiff's case.[2]

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**

---

[2] The Court may impose sanctions for Plaintiff's failure to prosecute and failure to comply with Court orders based on the Court's inherent power to regulate its docket and promote judicial efficiency. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003); *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 628-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005). Additionally, Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action *sua sponte* for failure to prosecute.